**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **RAYMOND NADEAU,** | : | **CIVIL ACTION NO:** |
| **Plaintiff** | : | **3:22-CV-00056-VLB** |
| | : | |
| **v.** | : | |
| | : | |
| **BENDER PLUMBING SUPPLY OF** | : | |
| **HARTFORD, LLC,** | : | |
| **Defendant** | : | **MARCH 11, 2022** |
| | : | |

## <u>RULE 26(f) REPORT OF PARTIES' PLANNING MEETING</u>

The parties in the above-referenced matter hereby submit the following Rule 26(f) pretrial plan for approval by the Court, and jointly propose the following management plan:

| | |
|---|---|
| **Date Complaint Filed:** | **January 11, 2022** |
| **Date Complaint Served:** | **January 12, 2022** |
| **Date of Defendant's Appearance:** | **January 26, 2022** |

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f) and D. Conn. L. Civ. R. 16, the parties conferred on March 11, 2022.  The participants were: Michael Varraso as attorney for the Plaintiff, Raymond Nadeau ("Plaintiff"), and Holly L. Cini as attorney for the Defendant, Bender Plumbing Supply of Hartford, LLC ("Defendant").

I.     <u>**Certification:**</u>  Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other

resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

II.   **Jurisdiction**

    A.   **Subject Matter Jurisdiction**

This Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, federal question jurisdiction.  Plaintiff alleges that Defendant violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et. seq.  This Court has supplemental jurisdiction over Plaintiff's state law claims under the provisions of 28 U.S.C. § 1367.

    B.   **Personal Jurisdiction**

Personal jurisdiction is not contested in this matter.

III.   **Brief Description of Case:**

    A.   **Claims of Plaintiff:**   Plaintiff alleges that Defendant discriminated against him on the basis of age and disability and retaliated against him for opposition conduct in violation of the ADEA, the ADA and the Connecticut Fair Employment Practices Act. Plaintiff further alleges that Defendant interfered with and retaliated against Plaintiff for using FMLA leave in violation of the FMLA.

    B.   **Defenses and Claims (Affirmative Defenses, Counterclaims, Third-Party Claims, Cross Claims) of Defendant:**   Defendant denies all material allegations in Plaintiff's Complaint and will assert defenses to Plaintiff's claims as

set forth in its response to the Complaint or to be proven at trial.  Defendant reserves the right to add additional or other defenses, or to delete or withdraw defenses, and to add other claims as may become necessary after reasonable opportunity for discovery.

C.    Defenses and Claims of Third-Party Defendant:

Not applicable.

IV.    Statement of Undisputed Facts: Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

1.    Plaintiff was employed by Defendant from August 5, 2015 to September 24, 2019.

V.    Case Management Plan:

A.    Initial Disclosures will be served by April 29, 2022.

B.    *Scheduling Conference.*

1.    The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.    The parties prefer that a scheduling conference, if held, be conducted remotely.

C.    *Early Settlement Conference.*

1.    The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery

or motion practice.    Settlement may be facilitated by use of the following procedure:

2.    The parties request an early settlement conference.

3.    The parties prefer a settlement conference, when such a conference is held, with a magistrate judge.

4.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D.    *Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings.*

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1.    Plaintiff should be allowed until March 31, 2022, to file motions to join additional parties and until March 31, 2022, to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules a showing of good cause for the delay.

2.    The Defendants should be allowed until March 31, 2022, to file motions to join additional parties.  Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

4

E.   *Discovery*

1.   Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26 (b)(1).  At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

The parties anticipate that discovery will be needed on the following subjects:

a.   All facts and circumstances pertaining to the Plaintiff's claims and allegations in the Complaint.

b.   All facts and circumstances pertaining to the Defendant's affirmative defenses and specific defenses.

c.   All facts and circumstances pertaining to any other facts alleged in the complaint, including but not limited to Plaintiff's hiring, performance, separation from employment and mitigation efforts.

d.   Any and all documents related to Plaintiff's alleged disability.

e.   Plaintiff's efforts to mitigate his alleged damages and obtain subsequent employment.

f.   Plaintiff's alleged damages.

 The parties reserve the right to object to discovery requests propounded by the opposing party during the discovery process.

5

2.      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P.  26(b)(4), will be commenced following their conference as required by Fed. R. Civ. P. 26(f) and Local Rule 16, and completed (not propounded) by December 30, 2022.

3.      Discovery will not be conducted in phases.

4.      If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by.

5.      The parties anticipate that Plaintiff(s) will require a total of ten depositions of fact witnesses and that the Defendant(s) will require a total of two to three depositions of fact witnesses. The depositions will commence upon the entry of this Scheduling Order by the Court and will be completed by December 30, 2022.

6.      The parties may request permission to serve more than 25 interrogatories.

7.      Plaintiff reserves the right to call expert witnesses at trial. Defendant reserves the right to call expert witnesses at trial.

8.      Plaintiff will designate all trial experts, if any, and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by September 30, 2022.  Depositions of any such experts will be completed by October 31, 2022.

9.      Defendant will designate all trial experts, if any, and provide opposing counsel with reports from retained experts pursuant to Fed R.

Civ. P. 26(a)(2) by November 25, 2022.  Depositions of such experts will be completed by December 30, 2022.

        10.    A damages analysis will be provided by any party who has a claim or counterclaim for damages by May 24, 2022.

        11.    Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties anticipate a need for disclosure of electronically stored information and agree to work cooperatively to discuss reasonable ESI searches, including through keyword searches, predictive coding, or other means to keep costs proportional to the needs of the case. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

        a.    Parties will preserve relevant and responsive ESI and continue routine computer operations critical to ongoing activities, including

the automatic creation and deletion or overwriting of certain non-relevant, non-responsive information;

b.    Parties will produce ESI that is relevant, responsive, not privileged, and reasonably accessible, as defined by Fed. R. Civ. P. 26(b) (2)(B), all subject to the Fed. R. Civ. P. 26(b)(2)(C) limitations that apply to all discovery;

c.    ESI responsive to discovery requests will be produced in either hard copy or in TIFF format on compact discs or other appropriate storage media, except for spreadsheets which are to be produced electronically, in native file format;

d.    Any emails to be produced will be produced with the attachments thereto, unless such attachment has been previously produced and is readily identifiable;

e.    Parties will preserve, but not disclose, metadata concerning any ESI responsive to discovery requests and that metadata will be produced to the requesting party only upon entry of a court order upon good cause shown.

12.    Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information: The parties shall preserve relevant non-electronically stored records.  The parties shall take steps

to prevent the destruction of potentially relevant non-electronically stored information.  Unless otherwise agreed to by the parties, all such documents produced in accordance with a discovery request shall be provided in PDF format.

13.    Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

a.    The producing party has the burden of retrieving and reviewing relevant, reasonably accessible and responsive ESI for privilege prior to production;

b.    Claims of privilege with regard to ESI shall be asserted in accordance with Fed. R. Civ. P. 26(b)(5) on a log pursuant to D. Conn. L. Civ. R. 37(a)(1).

14.    Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  Undersigned counsel have agreed that, in accordance with Fed. R. Civ. P. 26, inadvertent production of privileged material will not be deemed to waive the privilege.  The party claiming inadvertent disclosure of privileged documents or attorney work-product shall notify opposing counsel of the inadvertent disclosure with specific identification of the document(s) at issue and the basis for such claim of privilege or protection within thirty (30) days of learning of such disclosure.  If a

document appears on its face to be subject to attorney-client privilege or to constitute attorney work-product and/or the parties agree as to the privilege or protection, the document and all copies (electronic and paper) shall be returned to the requesting counsel or otherwise agree and certify as to its destruction, and such shall not be used or referred to in any manner in litigation.  If counsel cannot agree as to the privilege status or work-product status of the document, the document at issue shall be segregated from all other materials and submitted to the U.S. Magistrate Judge for in camera inspection and determination.

With respect to withholding information on the basis of privilege or work-product protection, the parties will comply with Fed. R. Civ. P. 26, except that a privilege log need not be produced for the following documents: (a) counsel's notes; and (b) attorney-client communications (including emails) that occurred after the plaintiff retained counsel in connection with the matters alleged in the complaint.  If the parties dispute a claim of privilege, then within thirty (30) days of being informed in writing (or via email) that a dispute still exists (after good faith efforts to resolve that dispute have been reasonably exhausted), the party claiming privilege will file a motion under seal for in camera review.

The parties reserve the right to demand the production of a privilege log in the event that either party demands the return of inadvertently produced privileged materials and the parties reserve their rights to challenge the assertion of any privileges with respect to any documents or information identified in such a privilege log.

F.    *Other Scheduling Issues*

**None.**

G.    *Summary Judgment Motions*.   **Summary Judgment motions, which must comply with Local Rule 56, will be filed on or before February 24, 2023. Responses to any Summary Judgment motions will be filed on or before April 24, 2023.**

H.    *Joint Trial Memorandum.* **If dispositive motions are not filed, the joint trial memorandum required by the Standing Motion on Trial Memoranda in Civil Cases will be filed within ninety (90) days after the completion of all discovery (i.e., by March 30, 2023).  If dispositive motions are filed, the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within sixty (60) days after the ruling on any dispositive motions.**

VI.    **Trial Readiness:**

**If no dispositive motion is filed, the case will be ready for trial by April 24, 2023. If dispositive motions are filed, the case will be ready for trial within the time set by the Court after a ruling on any dispositive motions.**

**As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.**

**11**

Respectfully submitted,

DEFENDANT,
BENDER PLUMBING SUPPLY OF
HARTFORD, LLC

By:     */s/ Holly L. Cini*_____
        Holly L. Cini (ct 16388)
        Jackson Lewis P.C.
        90 State House Square, 8th Floor
        Hartford, CT  06103
        Tel: (860) 522-0404
        Fax: (860) 247-1330
        Holly.Cini@jacksonlewis.com

        PLAINTIFF,
        RAYMOND NADEAU

By:     */s/ Michael R. Varraso*___
        Michael Varraso (ct 30777)
        The Law Offices of Wyatt &
        Associates, P.L.L.C.
        17 Elm Street, Suite C211
        Keene, NH 03431
        Tel: (603) 357-1111
        Fax: (603) 685-2868
        mvarraso@wyattlegalservices.com

## CERTIFICATION OF SERVICE

I hereby certify that on March 11, 2022 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Holly L. Cini*
Holly L. Cini