UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **RAYMOND NADEAU,** | : | **CIVIL ACTION NO:** |
| Plaintiff | : | **3:22-CV-00056-VLB** |
| | : | |
| v. | : | |
| | : | |
| **BENDER PLUMBING SUPPLY OF HARTFORD, LLC,** | : | |
| Defendant | : | **MARCH 14, 2022** |
| | : | |

## ANSWER AND AFFIRMATIVE DEFENSES

Bender Plumbing Supply of Hartford, LLC, ("Defendant"), by and through its attorneys, submits its Answer and Affirmative Defenses in response to Plaintiff's Complaint filed January 11, 2022 as follows:

## PARTIES

1. Defendant admits the allegations of Paragraph No. 1 upon information and belief.

2. Defendant admits the allegations of Paragraph No. 2.

## JURISDICTION AND VENUE

3. Defendant admits the allegations of Paragraph No. 3.

4. Defendant admits venue in this district is appropriate pursuant to 28 U.S.C. §1391 and 42 U.S.C. §2000e(f)(3) because this is the district in which the alleged discriminatory conduct occurred.

5. Defendant admits the allegations of Paragraph No. 5.

**FACTS**

6. Defendant admits its records reflect that Plaintiff's date of birth was March 10, 1962.

7. Defendant admits the allegations of Paragraph No. 7.

8. Defendant admits the allegations of Paragraph No. 8.

9. Defendant admits the allegations of Paragraph No. 9.

10. Defendant denies the allegations of Paragraph No. 10.

11. Defendant denies the allegations of Paragraph No. 11.

12. To the extent the allegations of Paragraph No. 12 state a legal conclusion, no response is required. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 12 and leaves Plaintiff to his proof.

13. To the extent the allegations of Paragraph No. 13 state a legal conclusion, no response is required. Defendant entity currently has twenty-three employees

14. Defendant denies the allegations of Paragraph No. 14.

15. Defendant denies the allegations of Paragraph No. 15 as phrased.

16. Defendant denies Lou Dimeo maintained Plaintiff's employment records. Defendant admits the remaining allegations of Paragraph No. 16.

17. Defendant admits the allegations of Paragraph No. 17.

18. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 18 and leaves Plaintiff to his proof.

19. To the extent that Paragraph No. 19 states a legal conclusion, no response is required. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 19 and leaves Plaintiff to his proof.

20. To the extent that Paragraph No. 20 states a legal conclusion, no response is required. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 20 and leaves Plaintiff to his proof.

21. To the extent that Paragraph No. 21 states a legal conclusion, no response is required. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 21 and leaves Plaintiff to his proof.

22. To the extent that Paragraph No. 22 states a legal conclusion, no response is required. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 22 and leaves Plaintiff to his proof.

23. Defendant denies the allegations of Paragraph No. 23 as phrased.

24. Defendant denies the allegations of Paragraph No. 24.

25. Defendant denies the allegations of Paragraph No. 25.

26. Defendant denies the allegations of Paragraph No. 26.

27. Defendant denies the allegations of Paragraph No. 27.

28. Defendant denies the allegations of Paragraph No. 28.

29. Defendant denies the allegations of Paragraph No. 29.

30. Defendant denies the allegations of Paragraph No. 30.

31. Defendant denies the allegations of Paragraph No. 31.

32. Defendant denies the allegations of Paragraph No. 32 as phrased.

33. Defendant denies the allegations of Paragraph No. 33.

34. Defendant denies the allegations of Paragraph No. 34.

35. Defendant denies the allegations of Paragraph No. 35 as phrased.

36. Defendant denies the allegations of Paragraph No. 36.

37. Defendant denies the allegations of Paragraph No. 37.

38. Defendant denies the allegations of Paragraph No. 38.

39. Defendant denies the allegations of Paragraph No. 39.

40. Defendant denies the allegations of Paragraph No. 40.

41. Defendant denies the allegations of Paragraph No. 41.

42. Defendant denies the allegations of Paragraph No. 42.

43. Defendant denies the allegations of Paragraph No. 43.

44. To the extent that Paragraph No. 44 states a legal conclusion, no response is required. Defendant admits Plaintiff worked for Defendant at least 12 months and over 1250 hours during the preceding 12-month period. Defendant has insufficient information to admit or deny the remaining allegations of Paragraph No. 44 and leaves Plaintiff to his proof.

45. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 45 and leaves Plaintiff to his proof.

46. Defendant denies the allegations of Paragraph No. 46.

47. Defendant denies the allegations of Paragraph No. 47.

48. Defendant denies the allegations of Paragraph No. 48.

49. Defendant denies the allegations of Paragraph No. 49.

50. Defendant denies the allegations of Paragraph No. 50 as phrased.

51. Defendant denies the allegations of Paragraph No. 51.

52. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 52 and leaves Plaintiff to his proof, except admits that it had allowed Plaintiff's son to regularly come to the store for years.

53. Defendant denies the allegations of Paragraph No. 53.

54. Defendant denies the allegations of Paragraph No. 54.

55. Defendant denies the allegations of Paragraph No. 55.

56. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 56 and leaves Plaintiff to his proof, except denies that its records reflect Plaintiff took time off on or around July 11, 2019.

57. Defendant denies the allegations of Paragraph No. 57.

58. Defendant denies the allegations of Paragraph No. 58.

59. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 59 and leaves Plaintiff to his proof.

60. Defendant denies the allegations of Paragraph No. 60.

61. Defendant denies the allegations of Paragraph No. 61.

62. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 62 and leaves Plaintiff to his proof.

63. Defendant denies the allegations of Paragraph No. 63.

64. Defendant denies the allegations of Paragraph No. 64 as phrased.

65. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 65 and leaves Plaintiff to his proof.

66. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 66 and leaves Plaintiff to his proof.

67. Defendant denies the allegations of Paragraph No. 67.

68. Defendant denies the allegations of Paragraph No. 68.

69. Defendant has insufficient information to admit or deny whether the meeting with Dimeo was unexpected by Plaintiff and leaves Plaintiff to his proof. Defendant admits the remaining allegations of Paragraph No. 69.

70. Defendant denies the allegations of Paragraph No. 70.

71. Defendant denies the allegations of Paragraph No. 71.

72. Defendant denies the allegations of Paragraph No. 72.

73. Defendant denies the allegations of Paragraph No. 73.

74. Defendant denies the allegations of Paragraph No. 74 as phrased.

75. Defendant denies the allegations of Paragraph No. 75 as phrased.

76. Defendant denies the allegations of Paragraph No. 76 as phrased.

77. Defendant denies the allegations of Paragraph No. 77.

78. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 78 and leaves Plaintiff to his proof.

79. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 79 and leaves Plaintiff to his proof.

80. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 80 and leaves Plaintiff to his proof.

81. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 81 and leaves Plaintiff to his proof.

82. To the extent that Paragraph No. 82 states a legal conclusion, no response is required. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 82 and leaves Plaintiff to his proof.

**Count One: Interference and Retaliation under the FMLA – 29 U.S.C. §2615**

83. Defendant hereby incorporates its answers to the allegations of Paragraphs Nos. 1 through 82 as if fully set forth herein.

84. To the extent that Paragraph No. 84 states a legal conclusion, no response is required. Defendant denies it employed 50 or more employees for 20 or more calendar work weeks in the current and/or preceding calendar year. Defendant has insufficient information to admit or deny the remaining allegations of Paragraph No. 84 and leaves Plaintiff to his proof.

85. To the extent that Paragraph No. 85 states a legal conclusion, no response is required. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 85 and leaves Plaintiff to his proof.

86. Defendant denies the allegations of Paragraph No. 86.

87. To the extent that Paragraph No. 87 states a legal conclusion, no response is required. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 87 and leaves Plaintiff to his proof.

88. Defendant admits the allegations of Paragraph No. 88.

89. To the extent that Paragraph No. 89 states a legal conclusion, no response is required. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 89 and leaves Plaintiff to his proof.

90. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 90 and leaves Plaintiff to his proof.

91. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 91 and leaves Plaintiff to his proof .

92. To the extent that Paragraph No. 92 states a legal conclusion, no response is required. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 92 and leaves Plaintiff to his proof.

93. Defendant denies the allegations of Paragraph No. 93.

94. Defendant denies the allegations of Paragraph No. 94.

95. Defendant denies the allegations of Paragraph No. 95.

96. To the extent that Paragraph No. 96 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 96.

97. To the extent that Paragraph No. 97 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 97.

98. To the extent that Paragraph No. 98 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 98.

99. Defendant denies the allegations of Paragraph No. 99.

100. Defendant denies the allegations of Paragraph No. 100.

101. Defendant denies Plaintiff is entitled to damages of any nature.

**Count Two: Disability Discrimination and Failure to Accommodate in Violation of the ADA – 42 U.S.C. §§12101, *et seq.***

102. Defendant hereby incorporates its answers to the allegations of Paragraphs Nos. 1 through 101 as if fully set forth herein.

103. To the extent that Paragraph No. 103 states a legal conclusion, no response is required. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 103 and leaves Plaintiff to his proof.

104. To the extent that Paragraph No. 104 states a legal conclusion, no response is required. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 104 and leaves Plaintiff to his proof.

105. To the extent that Paragraph No. 105 states a legal conclusion, no response is required. Defendant has insufficient information to admit or

deny the allegations of Paragraph No. 105 and leaves Plaintiff to his proof.

106. To the extent that Paragraph No. 106 states a legal conclusion, no response is required. Defendant leaves Plaintiff to his proof.

107. To the extent that Paragraph No. 107 states a legal conclusion, no response is required. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 107 and leaves Plaintiff to his proof.

108. Defendant denies the allegations of Paragraph No. 108.

109. To the extent that Paragraph No. 109 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 109 as phrased.

110. Defendant denies the allegations of Paragraph No. 110.

111. To the extent that Paragraph No. 111 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 111.

112. To the extent that Paragraph No. 112 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 112 as phrased.

113. To the extent that Paragraph No. 113 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 113.

114. To the extent that Paragraph No. 114 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 114.

115. Defendant denies the allegations of Paragraph No. 115.

116. Defendant denies Plaintiff is entitled to damages of any nature.

**Count Three: Disability Discrimination and Failure to Accommodate in Violation of CFEPA – Conn. Gen. Stat. §46a-60**

117. Defendant hereby incorporates its answers to the allegations of Paragraphs Nos. 1 through 116 as if fully set forth herein.

118. To the extent that Paragraph No. 118 states a legal conclusion, no response is required. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 118 and leaves Plaintiff to his proof.

119. To the extent that Paragraph No. 119 states a legal conclusion, no response is required. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 119 and leaves Plaintiff to his proof.

120. To the extent that Paragraph No. 120 states a legal conclusion, no response is required. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 120 and leaves Plaintiff to his proof.

121. To the extent that Paragraph No. 121 states a legal conclusion, no response is required. Defendant has insufficient information to admit or

deny the allegations of Paragraph No. 121 and leaves Plaintiff to his proof.

122. To the extent that Paragraph No. 122 states a legal conclusion, no response is required. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 122 and leaves Plaintiff to his proof.

123. Defendant denies the allegations of Paragraph No. 123.

124. To the extent that Paragraph No. 124 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 124 as phrased.

125. Defendant denies the allegations of Paragraph No. 125.

126. To the extent that Paragraph No. 126 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 126.

127. To the extent that Paragraph No. 127 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 127 as phrased .

128. To the extent that Paragraph No. 128 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 128.

129. To the extent that Paragraph No. 129 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 129.

130. To the extent that Paragraph No. 130 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 130.

131. Defendant denies the allegations of Paragraph No. 131.

132. Defendant denies Plaintiff is entitled to damages of any nature.

**Count Four: Age Discrimination in Violation of the ADEA**

133. Defendant hereby incorporates its answers to the allegations of Paragraphs Nos. 1 through 132 as if fully set forth herein.

134. Defendant admits the allegations of Paragraph No. 134.

135. To the extent that Paragraph No. 135 states a legal conclusion, no response is required. Defendant leaves Plaintiff to his proof.

136. To the extent that Paragraph No. 136 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 136.

137. To the extent that Paragraph No. 137 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 137.

138. Defendant denies the allegations of Paragraph No. 138.

139. Defendant denies the allegations of Paragraph No. 139.

140. Defendant denies Plaintiff is entitled to damages of any nature.

**Count Five: Age Discrimination in Violation of CFEPA – Conn. Gen. Stat. §46a-60**

141. Defendant hereby incorporates its answers to the allegations of Paragraphs Nos. 1 through 140 as if fully set forth herein.

142. To the extent that Paragraph No. 142 states a legal conclusion, no response is required. Defendant has insufficient information to admit or deny the allegations of Paragraph No. 142 and leaves Plaintiff to his proof.

143. Defendant admits the allegations of Paragraph No. 143.

144. To the extent that Paragraph No. 144 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 144.

145. To the extent that Paragraph No. 145 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 145.

146. To the extent that Paragraph No. 146 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 146.

147. Defendant denies the allegations of Paragraph No. 147.

148. Defendant denies Plaintiff is entitled to damages of any nature.

**Count Six: Retaliation in Violation of the ADA– 42 U.S.C. §§12101,** *et seq.*

149. Defendant hereby incorporates its answers to the allegations of Paragraphs Nos. 1 through 148 as if fully set forth herein.

150. To the extent that Paragraph No. 150 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 150.

151. To the extent that Paragraph No. 151 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 151.

152. To the extent that Paragraph No. 152 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 152.

153. To the extent that Paragraph No. 153 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 153.

154. Defendant denies the allegations of Paragraph No. 154.

155. Defendant denies Plaintiff is entitled to damages of any nature.

**Count Seven: Retaliation in Violation of the ADEA**

156. Defendant hereby incorporates its answers to the allegations of Paragraphs Nos. 1 through 155 as if fully set forth herein.

157. To the extent that Paragraph No. 157 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 157.

158. To the extent that Paragraph No. 158 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 158.

159. To the extent that Paragraph No. 159 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 159.

160. To the extent that Paragraph No. 160 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 160.

161. Defendant denies the allegations of Paragraph No. 161.

162. Defendant denies Plaintiff is entitled to damages of any nature.

**Count Eight: Retaliation for Engaging in Protected Activity in Violation of CFEPA - Conn. Gen. Stat. §46a-60**

163. Defendant hereby incorporates its answers to the allegations of Paragraphs Nos. 1 through 162 as if fully set forth herein.

164. To the extent that Paragraph No. 164 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 164.

165. To the extent that Paragraph No. 165 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 165.

166. To the extent that Paragraph No. 166 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 166.

167. To the extent that Paragraph No. 167 states a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph No. 167.

168. Defendant denies the allegations of Paragraph No. 168.

169. Defendant denies Plaintiff is entitled to damages of any nature.

## DEMAND FOR RELIEF

Defendant denies that Plaintiff is entitled to judgement or the relief sought in Plaintiff's demand for relief. Any allegation not specifically addressed herein is denied.

## AFFIRMATIVE DEFENSES[1]

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim in whole or in part upon which relief may be granted as a matter of fact and/or law.

## SECOND AFFIRMATIVE DEFENSE

Without conceding any wrongdoing or liability, even if Plaintiff's alleged protected class or activity was a factor in any alleged adverse employment decision affecting Plaintiff, which it was not, Plaintiff's claims for damages are barred in whole or part because Defendant would have made the same decision irrespective of Plaintiff's alleged protected class or activity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because Defendant acted in good faith and for legitimate business reasons and there was no willful violation of any law.

## FOURTH AFFIRMATIVE DEFENSE

Any amount which Plaintiff claims is due and owing to Plaintiff for lost wages and other employment benefits must be mitigated and reduced by the amount of

---

[1] By pleading any matter as a defense, Defendant does not concede that it bears the burden of proof with regard to any such matter.

wages and benefits Plaintiff earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is not liable for Plaintiff's claim for damages set forth in the Complaint to the extent Plaintiff seeks redress for physical or emotional injuries arising from preexisting physical or mental conditions.

### SIXTH AFFIRMATIVE DEFENSE

While denying the material allegations of the claims and although Defendant denies that any actionable conduct occurred, Plaintiff unreasonably failed to take advantage of the preventative and/or corrective opportunities provided by Defendant or to otherwise avoid any alleged harm.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because at all times relevant hereto, Defendant acted in good faith and has not violated any rights which may be secured by Plaintiff under federal, state or local laws, rules, regulations or guidelines.

* * *

Defendant reserves the right to amend its Answer, to add additional or other defenses, delete or withdraw defenses, and to add other claims as they may become necessary after reasonable opportunity for discovery.

                    **DEFENDANT,
BENDER PLUMBING SUPPLY OF HARTFORD, LLC**

**By:**   ***/s/ Holly L. Cini***
       **Holly L. Cini (ct 16388)
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT  06103
Tel: (860) 522-0404
Fax: (860) 247-1330
Holly.Cini@jacksonlewis.com**

19

## **CERTIFICATION OF SERVICE**

I hereby certify that on March 14, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

*/s/ Holly L. Cini*
**Holly L. Cini (ct 16388)**